JASPAN SCHLESINGER LLP  
300 Garden City Plaza  
Garden City, New York 11530  
(516) 393-8289  
Frank C. Dell'Amore, Esq.  
fdellamore@jaspanllp.com  
*Attorneys for Capital One, National Association*

Hearing Date and time:  
June 11, 2012 at 9:30 a.m.  
Response Deadline:  
June 4, 2012

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------x  
In re:                                                             Chapter 7

      MILTON ABELES, LLC                          Case No.: 12-70158-reg

                  Debtor.  
-----------------------------------------------------------------x

### NOTICE OF MOTION SEEKING TO COMPEL THE TRUSTEE TO ABANDON PROPERTY OF THE ESTATE AND FOR RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE,** that on June 11, 2012 at 9:30 a.m., Capital One, National Association ("**CONA**"), will move before the Honorable Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy Court, at the Alfonse M. D'Amato U.S. Courthouse located at 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722, or as soon thereafter as counsel can be heard for an Order: (a) pursuant to 11 U.S.C. §554(b) and Federal Rule of Bankruptcy Procedure 6007(b) directing the Chapter 7 Trustee to abandon property of the estate; (b) pursuant to 11 U.S.C. §362(d), granting relief from the automatic stay; and (c) such other and further relief as this court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** Objections to CONA's application shall be filed as through the Bankruptcy Court's electronic filing system (in accordance with General Order 476), which may be accessed through the Internet at the Bankruptcy Court's website, www.nyeb.uscourts.gov. A hard copy of the objection, marked "Chamber's Copy" and addressed to the attention of the Chambers of

the Honorable Robert E. Grossman shall be filed with the Clerk, and a hard copy shall be served upon CONA's counsel, Frank C. Dell'Amore, Esq., Jaspan Schlesinger LLP, 300 Garden City Plaza, 5th Floor, Garden City, New York 11530; the Chapter 7 Trustee, Allan B. Mendelsohn, 38 New Street, Huntington, New York 11743 and the United States Trustee, 560 Federal Plaza – Room 560, Central Islip, 11722 on or before 4:00 p.m. on June 4, 2012.

Dated: Garden City, New York
       April 30, 2012

                                        JASPAN SCHLESINGER LLP
                                      *Attorneys for Capital One, National Association*

                            By: _____
                                      Frank C. Dell'Amore
                                      300 Garden City Plaza
                                      Garden City, New York 11530
                                      (516) 393-8289- telephone

To:    Milton Abeles, LLC
         7 The Poplars
         Roslyn, New York 11576

         Marc A Pergament, Esq.
         Weinberg Gross & Pergament LLP
         400 Garden City Plaza
         Garden City, New York 11530

         Allan B Mendelsohn, Esq.
         Allan B. Mendelsohn, LLP
         38 New Street
         Huntington, New York 11743

         United States Trustee
         Long Island Federal Courthouse
         560 Federal Plaza - Room 560
         Central Islip, NY 11722-4437

Ralph J. Kreitzman, Esq.
Law Offices of Ralph J. Kreitzman
74 Old Pond Road
Great Neck, New York 11023

Catherine B. Silliman, Esq.
Steven L. Levitt & Associates, P.C.
129 Front Street
Mineola, New York 11501

Ronald J. Friedman, Esq.
SilvermanAcampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753

| | |
|---|---|
| JASPAN SCHLESINGER LLP<br>300 Garden City Plaza<br>Garden City, New York 11530<br>(516) 393-8289<br>Frank C. Dell'Amore, Esq.<br>fdellamore@jaspanllp.com<br>*Attorneys for Capital One, National Association* | Hearing Date and time:<br>June 11, 2012 at 9:30 a.m.<br>Response Deadline:<br>June 4, 2012 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                              Chapter 7

       MILTON ABELES, LLC                                    Case No.: 12-70158-reg


                        Debtor.
------------------------------------------------------------x

### AFFIRMATION IN SUPPORT OF MOTION SEEKING TO COMPEL THE TRUSTEE TO ABANDON PROPERTY OF THE ESTATE AND FOR RELIEF FROM THE AUTOMATIC STAY

TO:   THE UNITED STATES BANKRUPTCY COURT
        EASTERN DISTRICT OF NEW YORK

Capital One, National Association ("**CONA**"), by its attorneys, Jaspan Schlesinger LLP, moving for the entry of an Order pursuant to 11 U.S.C. §554(b) and Federal Rule of Bankruptcy Procedure 6007(b) directing the Chapter 7 Trustee, Allan B. Mendelsohn (the "**Trustee**") to abandon property of the estate, and pursuant to 11 U.S.C. §362(d) for relief from the automatic stay, and for such other, further and different relief as this Court deems just and proper, respectfully sets forth and represents the following under the penalty of perjury:

      1.    For the reasons set for the below, it is respectfully submitted that CONA is entitled to an Order: (i) directing the Trustee to abandon property of the estate; and (ii) granting relief from the automatic stay.

2. CONA is a creditor of Milton Abeles, LLC (the "**Debtor**") by virtue of a Judgment in the amount of $4,357,085.56, entered on October 15, 2010 in the Supreme Court of the State of New York, County of Nassau (the "**Judgment**"). A copy of the Judgment is annexed hereto as Exhibit A.

3. To date, CONA has recovered only $65,000.00 on the Judgment and is still owed well in excess of $4,000,000.00.

4. CONA is a secured creditor of the Debtor by virtue of an Amended and Restated Security Agreement, dated as of March 26, 2009, granted by Debtor in favor of CONA (the "**Security Agreement**"), in which the Debtor granted CONA a first position lien in all of its assets. A copy of the Security Agreement and duly filed UCC Financing Statement evidencing CONA's security interest is annexed hereto as Exhibit B.

5. On October 28, 2010, CONA commenced an action in Supreme Court of the State of New York, County of Nassau against the Debtor and others, seeking to recover fraudulent conveyances made by the Debtor and Milton Abeles, Inc., a related company (the "**State Court Action**"). A copy of the Summons and Complaint filed in the State Court Action is annexed hereto as Exhibit C.

6. With respect to the Debtor, the First, Second, Third and Fifth Causes of Actions asserted in the State Court Action seek recovery against Prime Food Distributor, Inc. ("**Prime**") based on fraudulent conveyances in the amount of $1,088,000.00 made by the Debtor to Prime (the "**Fraudulent Conveyance Claims**"). Copies of the checks representing the Fraudulent Conveyance Claims made by the Debtor to Prime are annexed hereto as Exhibit D.

7. To the extent the Fraudulent Conveyance Claims are considered property of the Debtor's estate, CONA respectfully requests that an Order be entered compelling the Trustee to abandon said property because it is of inconsequential value and benefit to the estate.

8. Since CONA is owed well over $4,000,000.00 and the Fraudulent Conveyance Claims can recover, at most, $1,088,000.00, the Trustee has no equity in the Fraudulent Conveyance Claims.

9. CONA maintains a valid first-position security interest in all of the Debtors assets. Therefore, the Fraudulent Conveyance Claims are of inconsequential value and benefit to the estate.

10. Indeed, any recovery realized by the Trustee with respect to the Fraudulent Conveyance Claims would only be for the benefit of CONA, since its secured claim is in excess of the amount of the Fraudulent Conveyance Claims.

11. Thus, it is respectfully requested that this Court direct the Trustee to abandon the Fraudulent Conveyance Claims pursuant to 11 U.S.C. §554(b) and Federal Rule of Bankruptcy Procedure 6007(b).

12. Moreover, CONA is entitled to an Order granting it relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1).

13. The State Court Action requests no relief against the Debtor and only names it as a defendant due to its role as the transferor of fraudulent conveyances.

14. The Debtor has not appeared in the State Court Action and there can be no claim that any party will be prejudiced if that action were permitted to proceed.

15. In fact, the continued prosecution of the State Court Action only serves to benefit the Debtor since that action seeks to partially satisfy the Judgment from third-parties (i.e. Prime and Jill Abeles). Thus, any recovery by CONA against third-parties will reduce the indebtedness owed by the Debtor to CONA.

16. As such, it is respectfully submitted that cause exists to vacate the automatic stay with respect to the State Court Action.

WHEREFORE, CONA respectfully requests that the Trustee be compelled to abandon the Fraudulent Conveyance Claims and the automatic stay with respect to the State Court Action be vacated, together with such other further and different relief as this Court deems just and proper.

Dated: Garden City, New York
       April 30, 2012

JASPAN SCHLESINGER LLP.
*Attorneys for Capital One, National Association*

By: _____
Frank C. Dell'Amore
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8289

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 7

MILTON ABELES LLC                                         Case No.: 12-70158-reg

                Debtor.
-----------------------------------------------------------x

## ORDER

**WHEREAS**, by Notice of Motion dated April 30, 2012, Capital One, National Association ("**CONA**"), by its attorneys, Jaspan Schlesinger LLP, moved this Court for an Order directing the Chapter 7 Trustee to abandon property of the estate pursuant to 11 U.S.C. §554(b) and granting CONA relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) (the "**Motion**"); and

**WHEREAS**, after a hearing and due deliberation having been had on June 11, 2012, the Court is of the opinion that the relief prayed for in the Motion should be granted; accordingly

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the Chapter 7 Trustee of this case, Allan B. Mendelsohn (the "**Trustee**"), is hereby directed and compelled to abandon any right, title or interest he has in the Fraudulent Conveyance Claims (as defined in the Motion) within ten (10) days of the entry of this Order; and it is further

**ORDERED**, that the automatic stay pursuant to 11 U.S.C. §362 is hereby vacated pursuant to 11 U.S.C. §362(d)(1) as to the State Court Action (as defined in the Motion) and CONA is permitted to resume prosecution of the State Court Action.