UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re

                                                                              Case No. 812-70158-reg

MILTON ABELES, LLC,

                                                                              Chapter 7

                      Debtor.

----------------------------------------------------------------x

## **MEMORANDUM DECISION**
(RE: TRUSTEE'S MOTION TO RECLASSIFY THE CLAIM
OF CAPITAL ONE BANK N.A.)

      Before the Court is the Trustee's Motion to Reclassify the claim of Capital One Bank, National Association ("Capital One") – which was filed as a secured claim – to unsecured status. Capital One has asserted a secured position in the proceeds of the Chapter 7 Trustee's settlement of a fraudulent conveyance action against a third party, Prime Food Distributors, Inc. ("Prime Food"), to whom the Debtor transferred funds prior to bankruptcy allegedly in exchange for wholesale purchases that were to be used in the normal course of the Debtor's operations. These funds were recovered by the Trustee, albeit by way of settlement, using his avoiding powers under the Bankruptcy Code. According to the Trustee, these settlement proceeds are the only asset of this bankruptcy estate available for distribution to creditors. Capital One argues that, by virtue of its pre-petition perfected security interest in the Debtor's deposit account, any funds transferred out of that deposit account (as these funds were) are subject to its continuously perfected security interest even though they have come back to the estate by way of avoidance recovery.

By way of background, prior to the bankruptcy, in or around 2009, the Debtor executed a guarantee of certain liabilities of an affiliated company (Milton Abeles, Inc.), to Capital One. As security for such guarantee, the Debtor granted Capital One a first lien and security interest in all its assets, including accounts and deposit accounts, and including deposit accounts held at Capital One. Upon the Debtor and its affiliate's default under the loan, Capital One commenced a lawsuit in state court and, on October 10, 2010, obtained a judgment against the Debtor in the amount of $4.3 million. Shortly thereafter, Capital One commenced an action in state court against Prime Food to recover alleged fraudulent conveyances made by the Debtor to Prime Food. That action was pending when the Debtor filed bankruptcy on January 11, 2012.

On June 15, 2012, the Trustee filed adversary proceeding no. 12-8245, against Prime Food, using the avoiding powers granted to him under section 544 of the Bankruptcy Code, seeking to recover $1.1 million in funds transferred to Prime Food from November 2009 through January 2010. Prior to the Trustee's commencement of this litigation, however, Capital One anticipatorily filed a motion seeking to compel the Trustee to abandon the estate's claim against Prime Food. *See* 11 U.S.C. § 554. Capital One argued that because it maintained a perfected lien on all of the Debtor's assets, including the Debtor's deposit account, and the proceeds thereof, Capital One was the proper party/plaintiff in any fraudulent conveyance action against Prime Food and/or the sole beneficiary of the proceeds of that lawsuit. At a hearing held on June 11, 2012, the Court denied Capital One's motion to compel abandonment and expressed doubt as to the validity of Capital One's argument that it maintained a perfected security interest in the cash transferred out of the Debtor's deposit account to Prime Food. Although the motion to compel was denied, it was denied without prejudice to Capital One asserting a security interest

in the proceeds of the Trustee's lawsuit.  It was within this context that the Trustee's action against Prime Food proceeded.

On April 24, 2013, the Trustee filed a motion to approve a settlement with Prime Food for $100,000 to be paid to the bankruptcy estate.  Capital One objected to the settlement arguing that it had a first priority lien on the settlement proceeds and thus is the sole beneficiary of the settlement.  After due consideration, the Court granted the Trustee's motion to settle the matter with Prime Food, again, without prejudice to Capital One's rights to assert a secured position with respect to the settlement proceeds.

On June 6, 2013, the Trustee filed the instant Motion to Reclassify the Capital One claim from secured to unsecured, which would have the effect of putting Capital One in the position of an unsecured creditor with respect to the settlement proceeds.  Capital One argues that the Trustee's Motion to Reclassify the claim should be denied because of its continuously perfected position with respect to the monies transferred out of the Debtor's deposit account, even in the hands of the Trustee after the approved settlement with Prime Food.

After thorough consideration of the matter, this Court is prepared to grant the Trustee's Motion, finding that neither the New York Uniform Commercial Code, nor the Bankruptcy Code provide for a continuation of perfection with respect to the monies transferred out of the Debtor's deposit account.

### *DISCUSSION*

*I.*     New York Uniform Commercial Code

It appears to be undisputed that Capital One has at all relevant times maintained a perfected security interest in the Debtor's deposit account under the control of Capital One, in

accordance with the agreement between the parties and applicable New York laws. *See* N.Y. U.C.C. §§ 9-312(b)(1), 9-314(b), and 9-104(a)(1). Pursuant to section 9-203(f), "attachment of the security interest in the deposit account also gives the secured party the rights to proceeds provided by Section 9-315." In turn, security interests with respect to "proceeds" are addressed under NY-UCC § 9-315 which provides, in relevant part, as follows:

> § 9-315. Secured Party's Rights on Disposition of Collateral and in Proceeds
>
> (a) . . . Except as otherwise provided in this article and in [Section 2-403(2)](#):
>
> . . .
>
> (2) a security interest attaches to any *identifiable proceeds* of collateral.
>
> (b) When commingled proceeds identifiable. Proceeds that are commingled with other property are identifiable proceeds:
>
> . . .
>
> (2) if the proceeds are not goods, to the extent that the secured party *identifies the proceeds by a method of tracing*, including application of equitable principles, that is permitted under law other than this article with respect to commingled property of the type involved.
>
> (c) Perfection of security interest in proceeds. A security interest in proceeds is a perfected security interest if the security interest in the original collateral was perfected.
>
> (d) Continuation of perfection. A perfected security interest in proceeds becomes unperfected on the 21st day after the security interest attaches to the proceeds unless:
>
> . . .
>
> (2) the proceeds are *identifiable cash proceeds* . . .

(Emphasis added).

Unlike other types of 'proceeds' under commercial law – such as production output from an industrial machine, or proceeds realized from the sale of inventory – cash and the like are subject to certain specialized treatment. Pursuant to section 9-312(b)(1) a security interest in a deposit account can *only* be perfected by "control". Capital One had, and presumably still has, a

perfected security interest in the Debtor's deposit account maintained at Capital One and all of the cash contained therein, if any. However, once the Debtor's funds left the deposit account and were transferred to Prime Food – in this case, two years prior to the bankruptcy filing – Capital One no longer had "control" of those funds and its interest became unperfected. Yet Capital One asserts a perfected interest in the funds in the hands of Prime Food, and now in the hands of the Trustee, on the basis that those funds are "proceeds" of its collateral because the funds were transferred to Prime Food from that the Debtor's deposit account held at Capital One. Capital One relies on section 9-315 to support its position, but that section does not help. In this context, section 9-315 provides that "proceeds" of a secured creditor's collateral must be "identifiable proceeds." Proceeds that are commingled with other property are "identifiable" only if "the secured party identifies the proceeds by a method of tracing." Capital One has not suggested that it can "trace" the transferred funds from the Debtor's account to Prime Food and back to the Trustee, nor would this Court expect it to be able to do so, especially considering that the fund transfers took place more than three years ago. Thus, this Court finds that Capital One did not, on the date of the bankruptcy filing, have a prior perfected security interest in the alleged "proceeds" of its secured collateral, the Debtor's deposit account.

II.     Section 552 of the Bankruptcy Code

The general rule under the Bankruptcy Code is that "property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." 11 U.S.C. § 552(a). Section 552(b)(1) provides an exception to this rule and states:

> Except as provided in sections 363, 506(c), 522, 544, 545, 547, and 548 of this title, if the debtor and an entity entered into a security agreement before the

> commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, products, offspring, or profits of such property, then such security interest extends to such proceeds, products, offspring, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

Thus, the secured creditor with a prepetition, perfected security interest in the debtor's property and the "proceeds, product, offspring, or profits of such property" retains that prior perfected security interest after the bankruptcy case is filed, unless the court orders otherwise based on the "equities of the case."

In analyzing whether an alleged secured creditor's interest is perfected, we must look to state law. *Butner v. United States*, 440 U.S. 48, 55 (1979). "Thus whether under 11 U.S.C. § 552(b) the [creditor] has a security interest in the proceeds which will defeat the trustee's claim depends on whether under [state law], the [creditor] has a perfected security interest in these proceeds." *Matter of Chaseley's Foods, Inc.*, 726 F.2d 303, 305-7 (7th Cir. 1983); *see also Pearson v. Salina Coffee House, Inc.*, 831 F.2d 1531, 1533 (10th Cir. 1987); *Havee v. Belk*, 775 F.2d 1209, 1218-19 (4th Cir. 1985).

For the reasons given earlier in this Decision, section 552(b), thus does not improve Capital One's position with respect to the settlement funds being held by the Trustee. If, as this Court has found, Capital One was did not hold a perfected security interest in proceeds prior to the bankruptcy, section 552(b)(1) does not come into play.

Capital One cites several cases in support of its position that a security interest in a deposit account perfected by 'control' as defined under the NY-UCC pre-petition, also secures an interest in funds transferred out of the deposit account to a third party, and subsequently recovered by the Trustee in bankruptcy, post-petition. These authorities are, for the most part,

distinguishable as cases involving the transfer of property, not deposit account funds. *See Barber v. McCord Auto Supply (In re Pearson Indus.)*, 178 B.R. 753 (Bankr. C.D. Ill. 1995) (transfers of debtor's materials to a supplier); *In re Figearo*, 79 B.R. 914 (Bankr. D. Nev. 1987) (prepetition transfer of debtor's inventory to a pawnbroker and Trustee's compromise of the controversy for cash payment); *Marine Midland Bank v. Murkoff*, 508 N.Y.S.2d 17 (N.Y.App. Div. 2d Dept. 1986) (transfer of debtor's real property to spouse). This distinction is important as the rules governing attachment and continuity of perfection are specific to the type of property at issue.

## *CONCLUSION*

For the foregoing reasons, the Trustee's Motion is GRANTED over the objection of Capital One. An Order consistent with this Decision will be entered forthwith.

Dated: Central Islip, New York
      September 20, 2013        */s/ **Robert E. Grossman***
                                          Hon. Robert E. Grossman, U.S.B.J.